IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Yahya Muqit, *a/k/a* Yahya Muquit,[1] | ) | C/A No. 8:14-cv-03555-RBH-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| SCDC Warden Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 51.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on September 2, 2014.[2]  [Doc. 1.]  On February 11, 2015, Respondent filed a motion for summary judgment and a return and memorandum to the Petition.  [Docs. 50, 51.]  On February 12, 2015, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion.  [Doc. 52.]  On May 26, 2015, Petitioner's

_____

[1]Petitioner signed his Petition as "Yahya Muqit."  [Docs. 1 at 10; 1-5 at 17, 18.] However, Petitioner was indicted as "Yahya Muquit."    [App. 596–97, 610–11, 653–54, 679–80.]

[2]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on September 2, 2014.  [*See* Doc. 1-4 (envelope marked as received by the prison mailroom on September 2, 2014).]

response in opposition to the motion for summary judgment was entered on the docket. [Doc. 63.]  Additional attachments to Petitioner's response in opposition were filed on July 9, 2015.  [Docs. 68, 69.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be denied with leave to refile.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at Lieber Correctional Institution pursuant to orders of commitment of the Spartanburg County Clerk of Court.  [Doc. 1-5.]  In January 2006, Petitioner was indicted for two counts of pointing and/or presenting a firearm at persons, two counts of armed robbery, and two counts of possession of a firearm during the commission of a violent crime.  [App. 596–97, 610–11, 653–54, 679–80.[3]]  On October 30, 2006, represented by Clay Allen, Petitioner proceeded to trial along with his co-defendant. [App. 1–397.]  Petitioner was found guilty on all charges [App. 380–81] and sentenced to thirty years on each armed robbery conviction, five years on each possession of a firearm during the commission of a violent crime conviction, and five years on each pointing and presenting a firearm conviction, the armed robbery and pointing and presenting a firearm sentences to run concurrent and the possession of a firearm during the commission of a violent crime sentences to run consecutive [App. 393–95].

---

[3]The Appendix can be found at Docket Entry Numbers 50-1 through 50-6.

2

**Direct Appeal**

Petitioner appealed, and Eleanor Duffy Cleary, Appellate Defender with the South Carolina Commission on Indigent Defense, filed a brief on Petitioner's behalf. [App. 398–409.] The brief raised the following issue:

> Did the trial court err in refusing to suppress evidence of clothing obtained as a result of a warrantless search of appellant and his co-defendant's property where the search was not incidental to arrest?

[App. 401.] On January 12, 2009, the South Carolina Court of Appeals affirmed the conviction. [App. 426–30.] Remittitur was issued on January 28, 2009. [Doc. 50-11.]

**PCR Application**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on November 20, 2009. [App. 431–46.] Petitioner alleged he was being held in custody unlawfully based on the following grounds:

> (a)   Ineffective Assistance of Counsel
>
> (b)   Ineffective assistance of appellate counsel
>
> (c)   Due Process violation

[App. 433–41.[4]] The State filed a return, dated April 28, 2010. [App. 447–53.]

A hearing was held on June 23, 2010. [App. 454–517.] On December 22, 2010, the PCR court filed an order denying and dismissing the application with prejudice. [App. 518–25.]

---

[4]Although ineffective assistance of appellate counsel and due process violation were not listed as separate grounds in Petitioner's PCR application [App. 433], a review of the attachments to the PCR application reveals that Petitioner alleged these grounds [App. 438–41].

Elizabeth A. Franklin-Best of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a petition for writ of certiorari in the Supreme Court of South Carolina, dated July 14, 2011. [Doc. 50-13.] The petition asserted the following as the sole issue presented:

> Did the PCR judge err when he found Muquit received effective assistance of counsel when trial counsel failed to ensure that the jurors were asked questions during *voir dire* about any possible relationship they may have had with the victim?

[*Id.* at 3.] The Supreme Court of South Carolina transferred the matter to the South Carolina Court of Appeals, which denied the petition on November 1, 2013 [Doc. 50-15] and remitted the matter to the lower court on November 21, 2013 [Doc. 50-16].

**Petitions for Writ of Habeas Corpus**

### First Petition for Writ of Habeas Corpus

On November 21, 2008, while Petitioner's direct appeal was pending, Petitioner filed his first petition for writ of habeas corpus in this Court ("the 2008 Habeas Petition").[5] [C/A No. 2:08-cv-03904-CMC ("08-cv-3904"), Doc. 1.] The 2008 Habeas Petition was dismissed without prejudice on September 21, 2009 because Petitioner had not exhausted his state court remedies. [08-cv-3904, Docs. 48, 59.]

---

[5]pIt is appropriate for this Court to take judicial notice of Petitioner's prior case. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

4

*Current Petition for Writ of Habeas Corpus*

Petitioner filed this Petition for writ of habeas corpus on September 2, 2014. [Doc.

1-5.] Petitioner raises the following grounds for relief, quoted substantially verbatim, in his

Petition pursuant to 28 U.S.C. § 2254:

**GROUND ONE:** Ineffective Assistance of Counsel

*Supporting Facts:* Counsel failed to address . . . petitioner[']s Mental Health Incompetency before trial therefore denying [Petitioner] the right afforded by due process.

**GROUND TWO:** Ineffective Assistance of Counsel
[Petitioner] believes Counsel was ineffective for failing to obtain discovery documents regarding Tanisha Jeter[']s plea. Ms. Jeter plead guilty after Mr. MuQuit[']s trial thus [Petitioner] believes that his Equal Protection of the Law Clause rights were violated under the hands of one hand of All. Counsel prejudice[d] petitioner. Had counsel raised this at sentencing the outcome would have been different.

*Supporting Facts:* Never obtained this information in discovery. And upon Information and belief[] Ms. Jeter which is Mr. MuQuit's female codefendent obtained 5 years Probation. See factual Procedural Background Opinion No. 4479 Filed Jan 12, 2009. Ms. Jeter plead guilty to arm[ed] robbery after the fact. See tr Appendix 151 trial transcript 160 at 12 and 13.

**GROUND THREE:** All grounds Alle[]ged in first P.C.R Are re[-]allege[d] in the Present here Also the PCR Court would Not Allow me to read my issu[es] off the Paper And there were selective things I was Allowed to read. see tr. pg Ms. White 471-4-5 then the Court 472 #14 I don[']t believe My PCR Counsel was Effective for Allowing them to Not let me present MY Case The Judge prejudice[d] me by Not giv[ing] me the Ability to raise my issues.

*Supporting Facts:* Man I missing pages from My transcript. I told my PCR counsel that Im on medic[i]ne that day and my head

was beating he didn't even raise the facts as to None of that go to Trial transcript 46 and 47 #52 straight to 56

**GROUND FOUR:**    4th Amendment violation

*Supporting Facts:*    Trial Judge erred in stat[ing] that I don[']t have A right to privacy of my Clothing w[h]ere clothing was illegally seized without a proper[] warrant. See. motions section of Transcript #36 sec 17 Appendix #29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46 – 15 to 25, pg 45 Ms Hodges testimony 3 to 8 the States whole Case is based on the Clothing. Now on pg 46 of Tr[ia]l transcript appendix volume 1 of 2 52. the court clearly agrees that the warrants are worthless. Mr. Barnette Yes I would sir. The Court: Yeah but is A search warrant necessary for the purposes of taking these cloth[e]s into possession. This is A violation of my fourth Amendment. Pg 43 of Appendix tr[ia]l transcript pg 50 3 to 13 Ms. Hodges testimony No other evidence identifying that have been provided to us that were developed during the investigation of the Case cont. rest of page to 47. Then the pages become Missing. Counsel of PCR Proceeding Prejudice[d] Petitioner by failing to file an 59(e) motion preserving My issues for Supreme Court Record thus becoming Ineffective.

**GROUND FIVE:**    Prosecutorial Misconduct.

*Supporting Facts:*    Cross Examination by Mr Allen
TO Christina Young Drummond.
Appendix pg 95 tr[ia]l transcript pg 104 at 17-25 to Appendix pg 97 tr[ia]l transcript pg 106. Tr[ia]l and PCR Counsel Jim Spears was ineffective when Competency eval[uation] was Not Made known to Court. See Appendix pg 328 tr. ts pg 337 Golden Rule violation Starts at 1 to 8 You Can[n]ot to Jury to put themsel[ve]s in the vict[i]m['s] shoes or tell them that they should Make A verdict of guilt for the State Country and City of Spartanburg Trial and PCR Counsel was Ineffective for failing to file a 59(e) motion to preserve the Record.

**GROUND SIX:**    Speedy Trial Right Preserved.

*Supporting Facts:*    6th Amendment. See Appendix Transcript pg 389 Tr[ia]l transcript pg 398 at 12 to[] 19-25 then go to Appendix

6

transcript pg 390 trial transcript pg 399 Clay Allen[']s Response #12 to 25 to Appendix Transcript 1 to 9 Now go to Appendix transcript 488 PCR transcript pg 35 at 22-25 PCR Transcript pg 489 1-16 at pg 36 This issue is still preserved it is a[]part of the Record and Under the Sixth Amendment in All criminal prosecutions, the Accused shall enjoy the right to a speedy . . . Trial. This fundamental right serves to (1) prevent undue and oppressive incarceration prior to trial; (2) minimize "anxiety and concern accompanying public Accusation", and (3) limit the possibility that long delay will impair the ability of an Accused to present a defense. See Ex 1 Motion Clock stamped by Marc Kitchens dated Oct. 11, 2006 see pg 3 bottom of third paragraph in Bold Letters. I DO NOT REL[]INQU[I]SH THAT Right. See Ex[h]ibit two Motion to Relieve Counsel: Note to the Court: Miscarr[i]age of Justice. See Volume 2 of 2 of Appendix pg. 536, 537, 538, 539, 540, 541, 560, 561, 562, And 563 The Clerk of Court turned down the ton[]er on the Copy Xerox. It is the Duty of Counsel to ensure that is fully Appri[s]ed of See Original Motions filed with Clerk of Court office. The Solicitor As well as Both Attorneys are in Conspiracy to hide from this Court these Motion However. Counsel was Aware see PCR Transcript 35 Counselor Prejudiced Mr. MuQit Counselor. Stop See pg 34 of PCR tr.s. Lines 1 and 2, 7 to 17 20 to 25 then go to 35 of PCR tr.s 22 to 25 lastly 36 of PCR trs. 1 to 16. Stop. this trial would have been different The Accused is Showing the Court Trial Counsel lied under oa[th] he had No Knowledge that I wanted Another Attorney or to Raise the issu[]e of speedy Trial Yet he was Notified by Clerk A whole Year has passed. Also the Petitioner was forced to Choice which right he would enjoy and discard the other to protect himself from self incrimination by Not speaking while being force[d] to remain qui[et] the Solicitor had the Victim Christina Y. Drummonds in Court while Motion were being conducted. So how could Mr. MuQit protect his Right to Not self Incriminate himself as well as the Sixth I had to make A choice which Amendment I would protect or and use this violated my fourteenth Amendment to Due Process and My right to Li[fe] Liberty violating My Equal Protection of the Law Clause. had it Not been for Counsel[']s faulty and erroneous legal advice Mr. MuQit AKA MuQuit Petitioner would have proceeded to Raise

7

verbally his own defense remove Counsel with the rights Afforded to challenge the charges against him thus prejudic[ing] the petitioner the Outcome of Trial in spite of all evidence would have been moot compa[i]red to the Petitioner['s] own forc[ing] the Court to Dismiss. PCR Counsel was Ineffective for failing to file A 59(e) Motion on those issu[es].

**GROUND SEVEN:** Notice.

*Supporting Facts:* The Petitioner believe[s] Counsel was Ineffective because he Came to see me twice when that[']s Not even a reasonable time to prepare for trial. Petitioner is supposed to be kept updated on my Case. After Motion to Relieve Counsel was obtained Oct 24, 2006 See Appendix pg 487 PCR trs. 34 Line 7 to 11-13 to 17 and 20 to 25 Yet I didn[']t know that Warrants # K-070013 which has 19 Attached to it see Exhibit 3 Volume 2 of 2 Appendix 594 See Exhibit 4 pg 592 K-070016, K-070017.  Indictment 06-68-42-252 Not 252(A) or 251(A) How is it that 17 and 19 were dismissed and replaced with Direct Indictments seven day[s] before trial I obtained this information.  The Petitioner has A Question to the State when did it present these Direct Indictments to the Court when You don't have a warrant for gun possession How did you get an Indictment.  Nor is it mentioned In transcript of Record.

[Docs. 1 at 8–9; 1-1.]  Petitioner's original filing was not on the Court's § 2254 form; therefore, the Court directed Petitioner to complete, sign , and return a § 2254 form.  [Doc. 8.]  Petitioner complied with the Court's Order and, on October 9, 2014, his § 2254 form was filed.  [Doc. 1-5.]  That filing raises claims of ineffective assistance of trial counsel, direct appeal counsel, and PCR counsel for failing to object to the trial judge's refusal to suppress evidence seized during a warrantless search; ineffective assistance of trial counsel and PCR counsel for a speedy trial violation; ineffective assistance of trial counsel and PCR counsel for failing to object to the solicitor's closing argument that amounted to a golden rule violation; and prosecutorial misconduct and ineffective assistance of trial

8

counsel and PCR counsel based on the cross examination of Christina Young Drummond.[6] [*Id.*]  As stated, on February 11, 2015, Respondent filed a motion for summary judgment. [Doc. 51.]  On May 26, 2015, Petitioner filed a response in opposition.  [Doc. 63.]  Petitioner filed additional attachments to his response in opposition on July 9, 2015.  [Docs. 68, 69.] Accordingly, Respondent's motion is ripe for review.

## APPLICABLE LAW

### Liberal Construction of Pro Se Petition

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).   Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the petitioner's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).   Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[6]The issues raised in the § 2254 form primarily reiterate arguments from Petitioner's original filing in this Court; however, some of them are raised differently in the § 2254 form, e.g. in his original filing, Petitioner raised a direct claim of speedy trial violation, whereas in his § 2254 form, he raised this claim as ineffective assistance of counsel.  The Court construes Petitioner's original filing and his § 2254 form together as forming the grounds in his Petition.

9

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over

10

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## Habeas Corpus

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has

appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)  (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)  (I) there is an absence of available State corrective process; or
>>
>>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest

court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[7] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

---

[7]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts

15

have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing

*Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96.  A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel.  *Id.* at 487–89; *Reed*, 468 U.S. at 16.  Absent a showing of "cause," the court is not required to consider "actual prejudice."  *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995).  However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default.  *Carrier*, 477 U.S. at 492.  To show actual prejudice, the petitioner must demonstrate more than plain error.  *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### *Statute of Limitations*

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

17

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D).  However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)).  In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit.  *Id.* at 417.  Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition.  *Holland v. Florida*, --- U.S. ---, ---, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*,

18

544 U.S. at 418).  Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied.  *Id.* at 2563.

### DISCUSSION

After a review of the Petition and the record in this case, the Petition appears to be subject to dismissal because it is time barred.[8]  Although Respondent did not raise the statute of limitations issue, a federal court may raise the issue sua sponte.  *See Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002).  Once raised, "a court must accord the parties fair notice and an opportunity to present their positions" on the issue.  *Day v. McDonough*, 547 U.S. 198, 210 (2006).  Here, the Court recommends that the motion for summary judgment

---

[8]The South Carolina Court of Appeals affirmed Petitioner's conviction on January 12, 2009 [App. 426–30], and Petitioner did not seek further review.  Consequently, Petitioner had one year from January 27, 2009, fifteen days after the South Carolina Court of Appeals' opinion was filed, to file a federal habeas petition.  28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, --- U.S. ---, ---, 132 S. Ct. 641, 653–54 (2012) (holding that a judgment becomes final for purposes of § 2244(d)(1) "when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires"); S.C. App. Ct. R. 221(a), 242(c) (establishing that a decision of the South Carolina Court of Appeals is not final for purposes of petitioning the Supreme Court of South Carolina for review until the petitioner has filed a motion for rehearing by the Court of Appeals, and such motion must be filed within fifteen days of the Court of Appeals' decision).

Here, Petitioner filed his PCR application on November 20, 2009 [App. 431–36], such that 297 days of the one-year limitations period had expired before Petitioner filed his PCR application.  The one-year period in which to file a federal habeas petition is tolled during the pendency of a PCR application or other collateral relief properly filed in state court, 28 U.S.C. § 2244(d)(2); therefore, the statute of limitations was tolled during the period the PCR application was pending—from November 20, 2009 until November 21, 2013, when the South Carolina Court of Appeals issued remittitur in the appeal from the denial of Petitioner's PCR application [Doc. 50-16].  Thus, the one-year limitations period began to run again on November 21, 2013 and expired 68 days later on January 28, 2014.  As a result, the Petition—filed on September 2, 2014, more than seven months after the expiration of the limitations period—appears to be time barred.

19

be denied with leave to refile to give both parties an opportunity to present their positions on the one-year limitation period and equitable tolling.[9]

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be DENIED with leave to refile.  If the district judge adopts this recommendation, the Court further recommends that Respondent be directed to file an amended motion for summary judgment addressing the one-year limitation period and equitable tolling and also including Respondent's arguments raised in the first motion for summary judgment; Petitioner will then have an opportunity to respond to Respondent's amended motion.  Because at least one district judge in this district has held that final disposition of a PCR proceeding in South Carolina, for purposes of determining the date when a case is no longer pending under § 2244(d)(2), does not occur until the remittitur is filed in the circuit court, *Beatty v. Rawski*, Civil Action No. 1:13-3045-MGL-SVH, 2015 WL 1518083 (Mar. 31, 2015), the Court further recommends that Respondent be directed to supplement the record with file-stamped copies of the remittitur(s) in Petitioner's direct and

_____

[9]The Court notes that the 2008 Habeas Petition would not toll the limitation period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001).  Additionally, the dismissal of the 2008 Habeas Petition does not appear to constitute an extraordinary circumstance under equitable tolling principles because when the 2008 Habeas Petition was dismissed on September 21, 2009, 128 days were still remaining in the one-year limitation period.  *See Gordon v. Cartledge*, C/A No. 8:10-cv-2578-MBS-JDA, 2011 WL 4549390, at *4–6 (Sept. 30, 2011) (denying a petition for writ of habeas corpus as time barred where the petitioner argued he had been mislead within the meaning of *Rhines v. Weber,* 544 U.S. 269 (2005), when his previous federal habeas case was dismissed).  Moreover, in the Report and Recommendation, recommending that the 2008 Habeas Petition be dismissed without prejudice, the magistrate judge specifically addressed *Rhines* and stated that because the statute of limitations had not yet run and would be tolled during the pendency of a state court PCR application, it did not appear that Petitioner ran the risk of forever losing his opportunity for federal review of his claims.  [08-3904, Doc. 48 at 9.]

20

PCR appeal(s) so that this Court can adequately consider the statute of limitations issue.


      IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 20, 2015
Greenville, South Carolina