UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Yahya Muqit, a/k/a Yahya Muquit, ) | Civil Action No.: 8:14-cv-03555-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SCDC Warden Joseph McFadden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Yahya Muqit, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Petition, ECF No. 1-5. Respondent SCDC Warden Joseph McFadden filed a motion for summary judgment, as well as a return and supporting memorandum. *See* ECF Nos. 50 & 51. Petitioner filed a response in opposition to Petitioner's motion for summary judgment. *See* ECF No. 63. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Jacquelyn D. Austin.[1] *See* R & R, ECF No. 71. Petitioner filed timely objections to the R & R. *See* Pet.'s Objs., ECF No. 76.

For the reasons stated below, the Court adopts the Magistrate Judge's R & R and denies Respondent's motion for summary judgment without prejudice and with leave to refile.

**Background**

A state jury found Petitioner and a codefendant guilty of two counts of armed robbery, two counts of possession of a weapon during the commission of a violent crime, and two counts of pointing and presenting a firearm. Petition at 2; ECF No. 50-4 at 5-7. The trial court sentenced Petitioner to

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

concurrent terms of thirty years' imprisonment for the armed robberies, consecutive terms of five years' imprisonment for the weapon possession charges, and concurrent terms of five years' imprisonment for the pointing and presenting convictions. ECF No. 50-4 at 19-21. The Magistrate Judge provides a thorough summary of the procedural background of this case, with citations to the record, in the R & R. *See* R & R at 2-9. Respondent filed no objections to the R & R, and Petitioner's objections do not dispute the Magistrate Judge's rendition of the procedural history. Accordingly, the Court adopts the procedural history set forth in the R & R.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

**Discussion**

The Magistrate Judge recommends the Court deny Respondent's motion for summary judgment with leave to refile. R & R at 2, 20. The Magistrate Judge has determined, sua sponte, that Petitioner's federal habeas petition appears to be untimely under the one-year statute of limitations in 28 U.S.C. § 2244(d) and therefore subject to dismissal. *Id.* at 17-20. The Court agrees with the Magistrate Judge's finding.

**I.      Applicable Law**

**A.      One-Year Statute of Limitations for Filing a § 2254 Habeas Petition**

A state prisoner seeking federal habeas relief under 28 U.S.C. § 2254 has one year to file his petition after the latest of four enumerated events:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Thus, under subsection (A), "the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, unless one of the circumstances enumerated [in subsections (B), (C), or (D)] is present and

starts the clock running at a later date." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). If the defendant seeks direct review in all appropriate state courts but does not file a petition for a writ of certiorari in the United States Supreme Court following direct review in the state courts, "then the limitation period begins running when the time for [filing a petition in the Supreme Court]—90 days—has elapsed." *Id.*

The one-year statute of limitations is suspended for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).[2] In interpreting § 2244(d)(1) and (2), the Fourth Circuit has clarified the time that elapses between completion (or expiration) of direct review and commencement of state post-conviction review counts toward the one-year limitation period. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) ("In short, [28 U.S.C. § 2244(d)] provides that upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court."). "Moreover, the one-year limitation period is also subject to equitable tolling in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." *Hill*, 277 F.3d at 704 (internal quotation marks omitted).

---

[2] The Fourth Circuit has held the ninety-day tolling period (for petitioning for certiorari in the United States Supreme Court) applicable to direct review does not apply to collateral review proceedings in state court. *Crawley v. Catoe*, 257 F.3d 395, 401 (4th Cir. 2001) ("We hold that the time the petition for certiorari, which sought review of the adverse decision in the state habeas proceeding, was pending in the United States Supreme Court did not toll the one-year limitations of § 2244(d)(1)."); *Atkinson v. Angelone*, 20 F. App'x 125, 128 (4th Cir. 2001) ("[T]he one-year limitation period under § 2244(d)(2) is only tolled during the pendency of state proceedings and does not include the time in which a defendant could have sought certiorari to the United States Supreme Court."); *see also McMillian v. Pinion*, No. 1:10CV611, 2011 WL 4104855, at *2 n.3 (M.D.N.C. Sept. 13, 2011) ("Tolling for state collateral review does not include time for pursuing certiorari with the United States Supreme Court." (citing *Crawley* and *Atkinson*)).

### B. Invoking the Statute of Limitations in § 2244(d)(1)

Although the § 2244(d)(1) statute of limitations ordinarily arises through the invocation of an affirmative defense by the respondent, a district court may raise the issue sua sponte when it appears on the face of a § 2254 petition. *See id.* at 706 ("[W]e conclude that it is appropriate for a federal habeas court to raise and consider the limitations period under § 2244(d) even before the state has filed a responsive pleading or otherwise attempted to assert the limitations bar."). However, "the district court's discretion to raise an affirmative defense to a § 2254 petition sua sponte and then dismiss the petition based on that affirmative defense is not completely unfettered." *Id.* Before dismissing the petition, the district court should allow the petitioner an opportunity to respond. *Id.* Accordingly,

> when a federal habeas court, prior to trial, perceives a pro se § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1).

*Id.* at 707.

## II. Relevant Facts and Dates

According to his petition, Petitioner was convicted and sentenced on November 1, 2006. Petition at 1. He filed a direct appeal with the South Carolina Court of Appeals, which affirmed his convictions and sentences on January 12, 2009.[3] *Id.* at 2; *see State v. Muquit*, 381 S.C. 114, 671 S.E.2d 643 (Ct. App. 2009). Petitioner sought no further direct review, and the Court of Appeals remitted the

---

[3] Although Petitioner's § 2254 petition does not detail the remaining procedural history of his case, Respondent submitted records in support of his summary judgment motion that establish a timeline of the subsequent state proceedings. *See* ECF Nos. 50-1 to 50-17.

case to the Spartanburg County Circuit Court on January 28, 2009. ECF No. 50-11. The records before the Court do not indicate when the Spartanburg County Circuit Court filed the remittitur from Petitioner's direct appeal.

Petitioner filed a state post-conviction relief (PCR) application on November 20, 2009. ECF No. 50-4 at 57-72. After the PCR court denied him relief, Petitioner filed a petition for certiorari with the South Carolina Court of Appeals. ECF No. 50-5 at 20-27; ECF No. 50-13. The Court of Appeals denied the petition and remitted the case on November 21, 2013. ECF Nos. 15 & 16. The records before the Court do not reveal when the Spartanburg County Circuit Court filed the remittitur from Petitioner's PCR appeal.

Petitioner filed his current § 2254 habeas petition on September 2, 2014. ECF No. 1; ECF No. 1-4.

**III.   Analysis**

Respondent did not raise a statute of limitations defense in his motion for summary judgment. However, in the R & R, the Magistrate Judge raises the issue sua sponte and concludes Petitioner's § 2254 petition appears to be time-barred and subject to dismissal based on the one-year statute of limitations in 28 U.S.C. § 2244(d). R & R at 19-20. The Magistrate Judge recommends the Court (1) deny Respondent's summary judgment motion with leave to refile, (2) direct Respondent to file an amended motion for summary judgment addressing the statute of limitations issue as well as equitable tolling and including the arguments that Respondent raised in his original summary judgment motion, and (3) direct Respondent to supplement the record with date-stamped copies of the remittiturs—from Petitioner's direct appeal and PCR appeal—that were filed in the Spartanburg County Circuit Court. *Id.* at 20-21.

In his objections, Petitioner seeks to address the merits of one of the grounds that he raised in his habeas petition. *Compare* Petition at 6-9 (containing Ground Two, in which Petitioner alleges violation of his right to a speedy trial and spoliation of evidence by the State), *with* Pet.'s Objs. at 1-3, 5-8 (addressing the speedy trial and spoliation issues).[4] Petitioner does present a cursory objection to the Magistrate Judge's recommendation regarding the § 2244(d)(1) statute of limitations issue, stating, "I respectfully object to any claim of statute of limitations . . . ." Pet.'s Objs. at 3. However, Petitioner makes no argument regarding whether § 2244(d)(1) bars his habeas petition.

The Court agrees with the Magistrate Judge that Petitioner's § 2254 petition, which he filed on September 2, 2014, appears to be time-barred and subject to dismissal. The limitations period prescribed in § 2244(d)(1) began running after the South Carolina Court of Appeals remitted Petitioner's direct appeal on January 28, 2009, and sent the remittitur to the Spartanburg County Circuit Court.[5] Petitioner did not toll the limitations period until he filed his state PCR application on November 20, 2009. The limitations period began running again after the Court of Appeals denied certiorari in Petitioner's PCR appeal and remitted the case on November 21, 2013.

Problematically, and as the Magistrate Judge discerns, the Court does not have before it time-stamped copies of the remittiturs showing the exact dates they were filed in the Spartanburg County Circuit Court. Consequently, the Court cannot determine the exact dates the limitations period began,

---

[4] The majority of Petitioner's objections contains a jumbled and chaotic compilation of summaries of state and federal cases. *See* Pet.'s Objs. at 1-13.

[5] The ninety-day tolling period for which Petitioner could have petitioned for certiorari in the United States Supreme Court does not apply because Petitioner did not file a petition for a writ of certiorari in the South Carolina Supreme Court, and therefore did not seek direct review in all appropriate state courts. *See Hill*, 277 F.3d at 704. Judgment in Petitioner's direct appeal became final at the time the remittitur was filed in the circuit court. *See* discussion, *infra*, of *Beatty v. Rawski*, __ F. Supp. 3d __, __, 2015 WL 1518083, at *4-6 (D.S.C. Mar. 31, 2015).

paused, and recommenced. *See Beatty v. Rawski*, __ F. Supp. 3d __, __, 2015 WL 1518083, at *4 (D.S.C. Mar. 31, 2015) ("[T]here can be no question that South Carolina law states that the final disposition of an appeal does not occur until after the remittitur is filed in the circuit court." (citing *Harleysville Mut. Ins. Co. v. State*, 401 S.C. 15, 23 n.2, 736 S.E.2d 651, 655 n.2 (2012) ("An opinion of an appellate court is not final until the remittitur is filed in the lower court."))); *id.* at *5-6 (holding the one-year limitations period in § 2244(d) remained tolled until the remittitur from the petitioner's PCR appeal was filed in the circuit court, rather than from the date when the South Carolina Court of Appeals denied the petition for rehearing in the appeal). The Court agrees with the Magistrate Judge that copies of the remittiturs—the ones actually filed in the Spartanburg County Circuit Court—are necessary for an accurate disposition of this case.

The Court notes neither Petitioner (aside from his cursory objection) nor Respondent has addressed the statute of limitations issue. Therefore, in an abundance of caution, the Court will deny Respondent's summary judgment motion, grant him leave to refile an amended motion addressing whether the one-year statute of limitations in 28 U.S.C. § 2244(d) bars Petitioner's § 2254 petition and whether equitable tolling applies, and order Respondent to submit date-stamped copies of the remittiturs that were filed in the Spartanburg County Circuit Court. If Respondent refiles his motion, Petitioner will have an opportunity to respond to the statute of limitations issue.[6] *See Hill*, 277 F.3d at 706 (stating "the district court should afford an opportunity for the habeas petitioner to respond before the case is dismissed").

### Certificate of Appealability

---

[6] Petitioner will also have the opportunity to assert the speedy trial and spoliation arguments that he raises in his petition and objections.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

For the reasons stated in the Court's order and the Magistrate Judge's R & R, the Court overrules Petitioner's objections and adopts and incorporates by reference the R & R [ECF No. 71].

Accordingly, the Court

(1) **DENIES** Respondent's [ECF No. 51] motion for summary judgment *without prejudice and with leave to refile*;

(2) **GRANTS** Respondent leave to refile an amended motion for summary judgment **within thirty days** addressing whether the one-year statute of limitations in 28 U.S.C. § 2244(d) bars Petitioner's § 2254 petition and whether equitable tolling applies, as well as presenting the same arguments raised in Respondent's original motion for summary judgment; and

(3) **ORDERS** Respondent to supplement the record with date-stamped copies of the remittiturs that were filed in the Spartanburg County Circuit Court from Petitioner's direct appeal and PCR appeal.

The Court further **ORDERS** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). The Court **REFERS** this matter back to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**


Florence, South Carolina  
September 28, 2015

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge