UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Yahya Muqit, a/k/a Yahya Muquit, ) | Civil Action No.: 8:14-cv-03555-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SCDC Warden Joseph McFadden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Yahya Muqit, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Jacquelyn D. Austin.[1] *See* R & R, ECF No. 114. The Magistrate Judge recommends granting Respondent's amended motion for summary judgment and denying Petitioner's § 2254 petition as untimely. R & R at 2, 25. Petitioner has filed objections to the R & R, and Respondent has filed a reply to the objections. *See* ECF Nos. 121 & 123.

**Background**[2]

A state jury found Petitioner and a codefendant guilty of two counts of armed robbery, two counts of possession of a firearm during the commission of a violent crime, and two counts of pointing and presenting a firearm. *See* ECF No. 50-4 at 6-7. The trial court sentenced Petitioner to concurrent terms of thirty years' imprisonment for the armed robberies, consecutive terms of five years'

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

[2] The R & R contains a thorough summary of the procedural background of this case, with applicable dates and citations to the record. *See* R & R at 1-10.

imprisonment for the firearm possession convictions, and concurrent terms of five years' imprisonment for the pointing and presenting convictions. *See* ECF No. 50-4 at 19-21. Petitioner's convictions and sentences were affirmed on direct appeal; his state application for post-conviction relief (PCR) was denied and dismissed with prejudice; and his petition for a writ of certiorari from the denial of his PCR application was denied. *See* ECF Nos. 50-10, 50-12, 50-13, & 50-15. Petitioner then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1.

Previously, this Court issued an order that denied Respondent's original motion for summary judgment without prejudice and granted Respondent leave to refile an amended motion for summary judgment addressing whether the one-year statute of limitations in 28 U.S.C. § 2244(d) bars Petitioner's § 2254 petition and whether equitable tolling applies (as well as presenting the same arguments raised in the original motion for summary judgment).[3] *See* ECF No. 78. Thereafter, Respondent filed an amended answer raising a statute of limitations defense and an amended motion for summary judgment based on that defense, which is now before the Court for disposition following the Magistrate Judge's issuance of the R & R. *See* ECF Nos. 81 & 82.

## Legal Standards

**I.     Review of the Magistrate Judge's R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination

---

[3]     The Court raised the statute of limitations issue sua sponte because it appeared on the face of Petitioner's § 2254 petition. ECF No. 78 at 5-8; *see generally Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) ("We hold that when a federal habeas court, prior to trial, perceives a *pro se* § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1).").

remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**II.     Summary Judgment**

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving

party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

## **Discussion**

The Magistrate Judge recommends the Court grant Respondent's amended motion for summary judgment because Petitioner's § 2254 petition is untimely under the one-year statute of limitations in 28 U.S.C. § 2244(d) and therefore must be denied. R & R at 2, 20-25. Liberally construing Petitioner's objections,[4] the Court has conducted a de novo review of the Magistrate Judge's finding and agrees Petitioner's § 2254 petition is untimely.

**I.     Applicable Law: One-Year Statute of Limitations for Filing a § 2254 Habeas Petition**

Petitioner filed his § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the AEDPA apply. *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997).

A state prisoner seeking federal habeas relief under 28 U.S.C. § 2254 has one year to file his petition after the latest of four enumerated events:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was

---

[4] Petitioner's objections are captioned as a "Motion to Dismiss." *See* Pet.'s Objs., ECF No. 121. Additionally, as explained below, Petitioner has filed various documents and motions that do not affect the Court's disposition of this case. *See, e.g.*, ECF Nos. 116, 117, 122, 129, 130, 131, 132, 134, 135, 136, 137, 138, 139, 141, 142, 143, 146, 148, 149, 150, 152, 155, 156, 157, & 160.

>     initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Thus, under subsection (A), "the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, unless one of the circumstances enumerated [in subsections (B), (C), or (D)] is present and starts the clock running at a later date." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). If the petitioner seeks direct review in all appropriate state courts but does not file a petition for a writ of certiorari in the United States Supreme Court following direct review in the state courts, "then the limitation period begins running when the time for [filing a petition in the Supreme Court]—90 days—has elapsed." *Id.*

The one-year statute of limitations is suspended for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).[5] In interpreting § 2244(d)(1) and (2), the Fourth Circuit has clarified the time that elapses between completion (or expiration) of direct review and commencement of state post-conviction review counts toward the one-year limitation period. *See*

---

[5] The Fourth Circuit has held the ninety-day tolling period (for petitioning for certiorari in the United States Supreme Court) applicable to direct review does not apply to collateral review proceedings in state court. *Crawley v. Catoe*, 257 F.3d 395, 401 (4th Cir. 2001) ("We hold that the time the petition for certiorari, which sought review of the adverse decision in the state habeas proceeding, was pending in the United States Supreme Court did not toll the one-year limitations of § 2244(d)(1)."); *Atkinson v. Angelone*, 20 F. App'x 125, 128 (4th Cir. 2001) ("[T]he one-year limitation period under § 2244(d)(2) is only tolled during the pendency of state proceedings and does not include the time in which a defendant could have sought certiorari to the United States Supreme Court."); *see also McMillian v. Pinion*, No. 1:10CV611, 2011 WL 4104855, at *2 n.3 (M.D.N.C. Sept. 13, 2011) ("Tolling for state collateral review does not include time for pursuing certiorari with the United States Supreme Court." (citing *Crawley* and *Atkinson*)).

5

*Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) ("In short, [28 U.S.C. § 2244(d)] provides that upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court."). "Moreover, the one-year limitation period is also subject to equitable tolling in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." *Hill*, 277 F.3d at 704 (internal quotation marks omitted).

**II.     Analysis**

The Court agrees with the Magistrate Judge that Petitioner's instant § 2254 petition is untimely. The South Carolina Court of Appeals filed its opinion affirming Petitioner's convictions and sentences on January 12, 2009. ECF No. 50-10. Petitioner then had fifteen days to file a petition for rehearing. *See* Rule 221(a), SCACR ("Petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court."); Rule 242(c), SCACR (establishing that an appellant cannot petition the South Carolina Supreme Court for review of the Court of Appeals' decision unless a petition for rehearing is filed in and acted on by the Court of Appeals). Because Petitioner did not file a petition for rehearing or seek discretionary review in the South Carolina Supreme Court, his convictions became final fifteen days later on **January 27, 2009**, the date that the time for seeking review expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires.").

Pursuant to § 2244(d), the limitations period ran for **297 days from January 27, 2009, to**

**November 20, 2009**, the date that Petitioner filed his state PCR application. ECF No. 50-4 at 57-62. The limitations period was tolled until **November 22, 2013**, the date that the remittitur from the South Carolina Court of Appeals (which denied Petitioner's petition for a writ of certiorari from the state circuit court's denial of his PCR application) was filed in the Office of the Clerk of Court for Spartanburg County. ECF No. 81-2; *see* 28 U.S.C. § 2244(d)(2); *Beatty v. Rawski*, 97 F. Supp. 3d 768, 775-76, 780 (D.S.C. 2015) (holding the final disposition of a PCR proceeding in South Carolina, for purposes of determining the date when a case is no longer pending under § 2244(d)(2), does not occur until the remittitur is filed in the circuit court). Consequently, the limitations period began running again on **November 22, 2013**, and expired sixty-eight days later on **January 29, 2014**. However, Petitioner did not file the instant § 2254 petition until **September 2, 2014**, the date he delivered the petition to the prison mail room for filing with this Court. ECF No. 1-4; *see Houston v. Lack*, 487 U.S. 255, 276 (1988) (providing a pro se prisoner's document is deemed filed at the moment of delivery to prison authorities for forwarding to the district court). The Court concludes Petitioner's instant § 2254 petition is untimely because it was filed over seven months after the expiration of the one-year limitations period in 28 U.S.C. § 2244(d).

Moreover, the Court agrees with the Magistrate Judge that Petitioner is not entitled to equitable tolling.[6] A habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two

---

[6] Petitioner states "he is entitled to equitable relief in matters of equity." Pet.'s Objs. at 3. The Court construes this statement as an objection to the Magistrate Judge's finding that equitable tolling is not warranted.

7

elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Petitioner has neither demonstrated that he pursued his rights diligently nor established that an extraordinary circumstance beyond his control or external to his own conduct prevented him from timely filing his instant § 2254 petition. He is therefore not entitled to equitable tolling.

In his objections, Petitioner reiterates an argument regarding subject matter jurisdiction rejected by the Magistrate Judge. *Compare* Pl.'s Objs. at 3-10, *with* R & R at 21, 24. He appears to argue, in an attempt to avoid the AEDPA one-year limitations period, that the state courts lacked subject matter jurisdiction over his criminal offenses. *See* Pl.'s Objs. at 3-10. However, "[w]hether a state court has subject matter jurisdiction over an offense is a question of state law," *Griffin v. Padula*, 518 F. Supp. 2d 671, 677 (D.S.C. 2007), and a federal court cannot issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Moreover, "[t]here is no exception under the AEDPA for subject matter jurisdiction claims, and [P]etitioner does not assert any facts that would allow his claim to go forward under the limited exceptions to the AEDPA." *Griffin*, 518 F. Supp. 2d at 677 (first alteration in original) (rejecting the petitioner's argument that a "subject matter jurisdiction claim can be raised at any time notwithstanding the AEDPA"). In conclusion, the Court finds Petitioner's § 2254 petition is untimely, not subject to equitable tolling, and must be denied.

### III.    Petitioner's Remaining Objections and Subsequent Filings

Much of Petitioner's objections consists of legal summaries and case citations. *See* Pl.'s Objs. at 1-11. The Court reiterates it may only consider objections directing the Court to a specific error in the R & R. *See Camby*, 718 F.2d at 199-200 (explaining that if a party's objections lack the requisite specificity envisioned by 28 U.S.C. § 636(b)(1)(C), the district court need not conduct a de novo review

of those portions of the R & R to which no specific objections have been made); Fed. R. Civ. P. 72(b) (permitting a party to "serve and file *specific* written objections to the proposed findings and recommendations" of the magistrate judge (emphasis added)). The Court has reviewed the remainder of the R & R and found no clear error. *See Diamond*, 416 F.3d at 315 (stating a district court need only review the magistrate judge's R & R for clear error in the absence of specific objections).

Petitioner also asks the Court to conduct a de novo review of each ground for relief presented in his § 2254 petition. Pl.'s Objs. at 7. Because his petition is untimely, this Court (like the Magistrate Judge) is precluded from addressing the merits of Petitioner's claims.

Moreover, Petitioner demands an evidentiary hearing on his § 2254 petition. Pet.'s Objs. at 6, 11. The decision to grant an evidentiary hearing is "generally left to the sound discretion of district courts." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). The Court must consider whether an evidentiary hearing would afford Petitioner the opportunity "to prove the petition's factual allegations, which, if true, would entitle [him] to federal habeas relief." *Schriro*, 550 U.S. at 474. "[T]he deferential standards prescribed by § 2254 control whether to grant habeas relief, [and] a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.*; *see* 28 U.S.C. § 2254(e)(2) (stating a district court "shall not hold an evidentiary hearing" unless the habeas petitioner shows (1) his claim rests upon a new rule of constitutional law or on a factual basis that could not have been previously discovered through due diligence; and (2) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty of the underlying offense"). In this case,

the Court finds an evidentiary hearing is not warranted and denies Petitioner's request for one.

Since the Magistrate Judge issued the R & R, Petitioner has continued his practice of filing voluminous documents and motions, most of which are unrelated to the R & R. *See, e.g.*, ECF Nos. 116, 117, 122, 129, 130, 131, 132, 134, 135, 136, 137, 138, 139, 141, 142, 143, 146, 148, 149, 150, 152, 155, 156, 157, & 160. The Court has reviewed these filings and notes they do not affect its disposition of this case.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Conclusion

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, as well as Petitioner's other filings. The Court has conducted a de novo review of those portions of the R & R to which Petitioner objects, and it finds no merit in his objections. For the reasons stated in this Order and in the R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 114] by reference.

Accordingly, the Court **GRANTS** Respondent's amended motion for summary judgment [ECF No. 82] and **DENIES AND DISMISSES** Petitioner's § 2254 habeas petition *with prejudice*. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). The Court **DENIES** all other pending motions filed by Petitioner. [ECF Nos. 85, 107, 109, 113, 121, 132, 133, 141, 146, 150].

**IT IS SO ORDERED.**

Florence, South Carolina  
September 6, 2016

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge